O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6333 PSG (VBKx) | Date | Aug. 19, 2008 |
|---|---|---|---|
| Title | Margarita Romo v. Bank of America Corp., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                                        Not Present

**Proceedings:**   **(In Chambers) Order on Plaintiff's Motion to Extend Discovery Cut-Off (DOCUMENT #30)**

I.   Background

Margarita Romo ("Plaintiff") has brought a lawsuit against Bank of America Corp., ("B of A"), Bank of America NT&SA ("B of A NTSA") and several Doe defendants. Romo filed her complaint on August 24, 2007, and the defendants removed the case to this federal district court on September 28, 2007.

On February 4, 2008, the Court issued a scheduling order for the case. The Court set the discovery cut-off date for July 21, 2008. Presently, Romo has filed a motion requesting that the Court extend the discovery cut-off. Romo argues that the defendants failed their discovery obligations by refusing to provide "persons most knowledgeable" for depositions and failed to produce documents. In her motion, Romo states that "she needs to conduct the following proceedings in order to properly respond to the anticipated Motion for Summary Judgment: Deposition of Person(s) Most Knowledgeable and Motions to Compel on outstanding discovery responses." (Romo's Memo in Support of Motion, p. 5, lines 10-13.) However, the defendants argue that Romo has completed "Person Most Knowledgeable" depositions, and furthermore, Romo has already filed a motion to compel on the disputed documents that has been denied by the magistrate judge.

II.   Legal Standard

A court-ordered discovery cut-off date may only be modified for good cause. Fed. R.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6333 PSG (VBKx) | Date | Aug. 19, 2008 |
|---|---|---|---|
| Title | Margarita Romo v. Bank of America Corp., et al. | | |

Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); []; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ('good cause' means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).

Also, "[a] district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.' *Hallet v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002). Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed." *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (*citing Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (en banc)).

III.   Discussion

Here, Romo has failed to establish good cause for an extension of the discovery cut-off date. She argues that she has been denied a "person most knowledgeable" deposition. However, she does not dispute that she has taken several depositions, including a "person most knowledgeable" deposition. (Romo's Reply, p. 5, lines 4-6.) She failed to explain why more "person most knowledgeable" depositions were necessary. Furthermore, the defendants have indicated their willingness to provide certain discovery beyond the discovery cut-off date. This would include a "person most knowledgeable" deposition regarding Romo's pay and benefits.

Romo also unconvincingly argues that the defendants' failure to produce certain documents establishes good cause to extend the discovery cut-off. Romo has already argued and lost a motion to compel the defendants to produce documents. Thus, it is not clear that extending the discovery cut-off would result in Romo obtaining the documents she requests. Additionally, the defendants have again stated their willingness to produce "(a) documents showing the date of hire of the individual hired as plaintiff's replacement and (b) performance evaluations for the Senior Personal Bankers at the Washington-Centinela Banking Center from 2000 to 2006 ..." beyond the discovery cut-off date. (Defendants' Opposition, p. 9, lines 3-7.)

Beyond establishing a lack of good cause, these facts also demonstrate that Romo will not

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6333 PSG (VBKx) | Date | Aug. 19, 2008 |
|---|---|---|---|
| Title | Margarita Romo v. Bank of America Corp., et al. | | |

be prejudiced by a denial of a discovery cut-off extension. Romo has already taken a person most knowledgeable deposition, and it appears that the defendants are willing to provide another such deposition, without requiring an extension of the discovery cut-off date. Also, regarding her desired documents, Romo is unlikely to prevail later on a motion to compel on which she has already lost. Furthermore, the defendants have indicated their willingness to provide more documents to Romo, without requiring a discovery cut-off extension.

IV.    Conclusion

      For the foregoing reasons, the Court DENIES Romo's motion to extend discovery cut-off.

**IT IS SO ORDERED.**

      AB for WH